# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KELVIN A.G.G.,

               Petitioner,

                                    Civil No. 26-3231 (JRT/LIB)

v.

KANDIYOHI JAIL ADMINISTRATOR;

PETER BERG, *Director, St. Paul Field Office Immigration and Customs Enforcement*;

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

TODD BLANCHE, *Attorney General of the United States*;

               Respondents.

---

Danielle O. Molliver, **NWOKOCHA & OPERANA LAW OFFICES**, 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Kelvin A.G.G. was arrested and detained by immigration officials on June 12, 2026 following a traffic stop conducted by the North Dakota Highway Patrol.  Kelvin A.G.G. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully.  Because the Court concludes that Kelvin A.G.G.'s continued detention violates his Fifth

Amendment right to procedural due process, the Court will grant his petition for writ of habeas corpus and order that he receive an individualized bond hearing.

## BACKGROUND

Kelvin A.G.G. is a citizen of Honduras. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 15, July 9, 2026, Docket No. 1.) He entered the United States without inspection in or around 2022. (*Id.*) Since that time, he has resided peacefully and has no criminal record. (*Id.*)

On June 12, 2026, an officer with the North Dakota Highway Patrol ("NDHP") stopped Petitioner for speeding near Thompson, North Dakota—which is less than 100 miles from the border between the United States and Canada. (Decl. of Steven Draves ("Draves Decl.") ¶ 5, July 15, 2026, Docket No. 8.) An agent with the U.S. Customs and Border Protection ("Border Patrol") was notified that NDHP officer was requesting assistance identifying the individual subject to the traffic stop. (*Id.*) The Border Patrol agent then contacted the NDHP officer, and the officer informed the Border Patrol agent "that the Petitioner had presented a Honduran ID card as his only form of identification and indicated that he only spoke Spanish." (*Id.*)

Later that day, the Border Patrol agent arrived at the scene of the traffic stop. (*Id.* ¶ 6.) The agent identified himself as an immigration official. (*Id.*) The agent conducted an immigration inspection in Spanish, in which "Petitioner freely admitted to being illegally present in the United States." (*Id.*) The agent took Petitioner into custody and transported him to the Pembina Border Patrol Station for administrative processing. (*Id.*

¶ 7.)  While at the Pembina Border Patrol Station, the agent issued and served Petitioner with a Warrant for Arrest of Alien (Form I-200) and a Notice to Appear.  (*Id.*)

On June 16, 2026, Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE) and detained at a facility in Grand Forks, North Dakota.  (*Id.* ¶ 8.)  On June 24, 2026, ICE transferred Petitioner to the Kandiyohi County Jail where he is presently detained.  (*Id.* ¶ 9.)

On July 9, 2026, Kelvin A.G.G. filed a petition for writ of habeas corpus, contending that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  (Pet. ¶¶ 37–47.)  The next day, the Court issued an order (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed and (2) directing Respondents to file an answer by July 15, 2026.  (Docket No. 5.)  Respondents timely filed a response (Docket No. 7), and Petitioner replied (Docket No. 9).

## DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.   28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]"  *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Here, Respondents' asserted basis for detaining Petitioner is 28 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States.  *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)).  In responding to Petitioner's procedural due process claim, Respondents argue that the Constitution does not entitle Petitioner to any additional procedural protections beyond those granted under the statute, and that § 1225(b)(2)(A) expressly authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civil No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in

-4-

*Mathews v. Eldridge*, 424 U.S. 319 (1976), applies to Petitioner's due process claim.  Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Because the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, the Court will grant Petitioner Kelvin A.G.G.'s petition for writ of habeas corpus to the extent he seeks a bond hearing, and the Court will not address Petitioner's other claims for relief.  If Respondents are unable to hold a bond hearing within seven days of this order, the Court will direct that the Petitioner be released.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Kelvin A.G.G.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1.    Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

2.    Respondents shall provide Petitioner with an individualized bond hearing within seven (7) days of the date of this Order, in which both parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

-6-

3.     If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention; and

4.     **By 5:00 P.M. on August 14, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court at that time whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  August 3, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge